UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

VAUGHN MICHAEL ROSARIO,   **OPINION AND ORDER**
                          **04 CV 910 (NG)**

        Movant,

  -against-

UNITED STATES OF AMERICA,

        Respondent.

---------------------------------------------------------X

**GERSHON, United States District Judge:**

Vaughn Michael Rosario ("movant" or "Rosario"), filed this *pro se* motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure[1] seeking the return of his computer, scanner, cell phones and other items taken from him after his arrest in connection with criminal case 98 CR 529(NG). Because a disposition had been reached in the underlying criminal case, the Court construed the instant motion as a new civil action[2] and directed the government to respond. Respondent moves for dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. Rosario has not opposed respondent's motion. For the following reasons respondent's motion for summary judgment is granted and this action is

---

[1] Fed. R. Crim. P. 41(e) was redesignated Fed. R. Crim. P. 41(g) on December 1, 2002, without substantive change.

[2] *See* Boero v. Drug Enforcement Admin., 111 F.3d 301, 303 n.1 (2d Cir. 1997)(construing movant's submission as a civil claim where criminal proceedings were no longer pending against movant); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992)("[w]here criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint"); Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992)("where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is 'treated as [a] civil equitable proceeding '")(citations omitted).

1

dismissed with prejudice.[3]

## BACKGROUND[4]

Movant was arrested on June 9, 1998 by the Auto Crimes Unit of the New York Police Department ("Auto Crimes Unit"). Upon his arrest, the Auto Crimes Unit confiscated movant's property consisting of: one Packard Bell monitor, one Packard Bell computer with 42 floppy disks, one Packard Bell Scanjet, one Canon printer, one Uniden cell phone, two Samsung cell phones, 22 photos, license plates from Pennsylvania, Virginia and New Jersey, and miscellaneous papers including a ream of paper and two phone books. The seized property was placed in the Pearson Place storage facility in Queens. Movant was convicted after a jury trial, sentenced to a term of imprisonment of 70 months, and ordered to pay a special assessment of $700.00.

Rosario filed a motion for return of property pursuant to Rule 41(e)[5] of the Federal Rules of Criminal Procedure in this Court seeking the return of his property or compensatory damages from the government. After investigating movant's claims, the government attempted to serve Rosario with a release of property letter dated May 19, 2004. After several unsuccessful attempts due to an incorrect address, the government sent Rosario the release of property letter on June 15, 2004 at an address provided by his probation officer. According to the government, the letter informed Rosario that the monitor, scanner, and printer were available to be returned to him. A follow-up letter dated June 16, 2004, informed Rosario that his computer was available to be returned. According to the

---

[3] The reference to the Magistrate Judge is hereby vacated.

[4] The facts are taken from Rosario's motion, Respondent's Rule 56.1 Statement and the Declaration of AUSA Adam P. Schwartz in Support of Respondent's Motion.

[5] *See* n.1.

government, the remaining items have not been located.

## DISCUSSION

**I. Standard of Review**

Rule 12(b) of the Federal Rules of Civil Procedure provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Moreover, local Civil Rule 56.2 requires that *pro se* litigants be served with notice regarding opposing a summary judgment motion. Respondent gave Rosario the requisite Rule 56.2 notice herein and thus the instant motion will be treated as a motion for summary judgment.

Summary judgment should be granted if there is no genuine material issue of fact in dispute requiring resolution by trial and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997) (quoting Anderson, 477 U.S. at 248 ); *see* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Cadrett, 477 U.S. 317, 322 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221

F.3d 394, 398 (2d Cir. 2000).

"An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but … must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see* Matsushita, 475 U.S. at 586-87 (1986). In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation … are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. v. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). When a party is proceeding *pro se*, the Court is obliged to "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**III. Return of Located Property**

It is well settled that the district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. *See* Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994)(citations omitted). Such a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is treated as a claim for civil equitable relief. Boero v. DEA, 111 F.3d 301, 303 (2d Cir. 1997). In cases where the property is still in the government's possession, the district court can order the equitable relief sought: the return of the property to its rightful owner.

In the instant case, the Court directed the government to respond to Rosario's motion. After investigating the matter, the government notified Rosario by letters dated May 27, 2004 and June

4

16, 2004, that his monitor, scanner, printer and computer were available to be returned to him through the Queens Property Clerks Division. Schwartz Decl. ¶ 13.[6] The letters provided plaintiff with a telephone number at the Property Clerks Division as well as invoice and storage numbers.

Rosario has not responded to the government's letter. Moreover, Rosario has not opposed the government's motion for summary judgment despite being warned of the possible consequences of the failure to do so. *See* Notice by United States, Local Rule 12.1 and 56.2 Notice to Pro Se Litigant Opposing Motion for Summary Judgment, docket entry 11.

Fed. R. Civ. P. 56(e) expressly provides that a litigant opposing a summary judgment may not rely on his pleading to defeat the motion. Yet, "[t]he fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). The motion may be granted only if the undisputed facts show that the moving party is entitled to a judgment as a matter of law. *Id.*

Here, the government provides copies of the letters mailed to Rosario telling him how to arrange for retrieval of his property. The government's declaration states that "numerous attempts to serve petitioner with the May letter were unsuccessful because petitioner failed to provide a current, valid address after his release from the Bureau of Prisons on April 29, 2004." Schwartz Decl. ¶ 11. "Petitioner, through his probation office, finally provided a valid address on June 15, 2004, at which time the May 19th letter was sent to petitioner." *Id.* "A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered." Hoffenberg v. Commissioner of Internal Revenue, 905 F.2d 665, 666 (2d Cir. 1990)(citations omitted). Therefore, the government has established that it fulfilled its obligation to give Rosario notice and opportunity

---

[6] Although the Declaration of AUSA Schwartz references May 19, 2004 and June 16, 2002 letters, the letters filed with the Court are dated May 27, 2004 and June 16, 2004.

to retrieve his property. Rosario failed to retrieve his property when notified. As such, Rosario's motion seeking the return of his monitor, scanner, printer and computer is dismissed.[7]

**IV. Property Not Located**

Rosario also seeks return of cell phones, 22 photos, 42 floppy discs and miscellaneous papers. Respondent states that this property has not been located. Schwartz Decl. ¶ 13. In a situation where property has been lost, destroyed or otherwise not available for return, the "equitable jurisdiction does not permit courts to order the United States to pay money damages. . . " Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004). The federal government is protected from paying such monetary awards by sovereign immunity which has not been expressly waived. *Id.* Therefore, the court lacks subject matter jurisdiction over the claims regarding Rosario's property that the government cannot locate.

**CONCLUSION**

Accordingly, the government's motion for summary judgment is granted and this action seeking the return of Rosario's property is dismissed with prejudice. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

/S/
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
March 17, 2006

---

[7] If Rosario receives this Memorandum and Order and wants to retrieve these items, he should contact the Queens Property Clerks Division at (718) 433-2678 and reference: Property Clerk's Invoice # H 429717 and Storage # Q 40943.